UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:_____

```
                                              x
                                              :
NICOLE ABAYA N/K/A NICOLE                     :
DAVIDSON, Individually and On Behalf of       :
All Others Similarly Situated,                :
                                              :
                        Plaintiff,            :
                                              :
       vs.                                    :
                                              :
COMMERCIAL RECOVERY SYSTEMS,                  :
INC., A TEXAS CORPORATION,                    :
                                              :
                        Defendant.            :
                                              :
                                              x
```

**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff Nicole Abaya n/k/a Nicole Davidson ("Plaintiff"), by and through her undersigned counsel, sues Defendant Commercial Recovery Systems, Inc., a Texas corporation ("Defendant" or the "Company"), and alleges as follows:

**NATURE OF ACTION**

1.      This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et seq.*

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

1

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff' resides in this State and this District, and where Defendant transacts business in this State and this District.

**PARTIES**

4.      Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach.

5.      Plaintiff is obligated, or allegedly obligated, to pay a debt due a creditor other than Defendant, namely Capital One, and thus is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and the FCCPA, Fla. Stat. §559.55(2).

6.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5) and the FCCPA, Fla. Stat. §559.55(1).

7.      Defendant is a Texas corporation with principal offices situated at 8035 East R L Thornton Freeway #220, Dallas, TX.  Defendant may be served through its registered agent Tim Ford, 8035 East RL Thornton Freeway #220, Dallas, TX 75228.

8.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, by another.

9.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and the FCCPA, Fla. Stat. §559.55(6).

## FACTUAL ALLEGATIONS

10.     On or about October 11, 2012 at 10:35 A.M., Defendant initiated, or caused to be initiated, a telephone call to Plaintiff's mother-in-law's telephone line, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, and left the following message:

> Mrs. Sami Davidson, Mrs. Davidson, I – this message is intended for Ms. Nicole Abaya. Ms. Abaya, this is Ashley S---- with CRS and Associates. I'm calling in reference to an active file I came across here in my office today. You have a pending case against you here in my office through credit Capital One. It is very important that you take immediate actions with this case. You can reach me on my direct number at 1-800-213-5342, 1-800-213-5342, case number 3786730, 378630. Failure to reply I'm assuming that you are waiving your rights and I will go ahead and turn your case over to federal courts. It is very important you contact me today before 5:00. This is the longest time I have for you today, Ms. Nicole, for you to contact me back. Thank you.

11.     On or about October 11, 2012 at 10:37 A.M., Defendant initiated, or caused to be initiated, a telephone call to Plaintiff's cellular telephone line, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, and left the following message:

> This message is intended for Ms. Nicole Abaya. Ms. Abaya this is Ashley S---- with CRS and Associates. I am calling in reference to an active file that I came across here in my office today. I'm not sure if you're aware of having a pending case in my office with Capital One, but it is very important that you take immediate action with this case. You may reach me on my direct number at 1-800-213-5342, 1-800-213-5342, case number 3786730, 378630. Ms. Abaya, it's very important that you contact me today in my office before 5:00. I have no other time to give you Ms. Nicole but today before 5:00. Failure to reply, I'm considering – I'm assuming that you're waiving your rights and I can go ahead and transfer your file over to federal courts and there will be nothing else that I can do about your case. Me nor you will be able to attempt to do anything about your case, it will be over to federal courts. So Ms. Abaya, please contact me today. Thank you.

12.     Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages/voice recordings with and/or for alleged debtors using language substantially similar or

3

materially identical to that utilized by Defendant in leaving, or causing to be left, the above-described voice messages for Plaintiff.

## CLASS ACTION ALLEGATIONS

13. Plaintiff bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of two Classes consisting of:

### The FDCPA Class

All persons located in the State of Florida who, within one year before the date of this complaint, received a voice message/voice recording from Defendant in connection with an attempt to collect any purported consumer debt, where the caller failed to identify that she/he was a debt collector, failed to identify that he/she was calling to collect a debt, stated that he/she would take action that Defendant could not legally take or did not intend to take, communicated with any person concerning the alleged debt other than those permitted by law, and/or failed to disclose the true corporate or business name of the entity that employed her/him.

### The FCCPA Class

All persons located in the State of Florida who, within two years before the date of this complaint, received a voice message/voice recording from Defendant in connection with an attempt to collect any purported consumer debt, where the caller stated that he/she would send an alleged debtor's case to federal court when it had no right to do so and/or orally communicated with an alleged debtor in such a manner as to give the inaccurate impression or appearance that such person is, or is associated with, an attorney.

Excluded from the Classes are Defendant, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

14. The proposed classes are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed classes are ascertainable in that the names and addresses of all members of the Classes can be identified in business records maintained by Defendant.

15. Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and all claims of the members of the Classes originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the Classes. Plaintiff has retained counsel experienced and competent in class action litigation.

16. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

17. Issues of law and fact common to the members of the Classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Classes. Among the issues of law and fact common to the Classes are:

  a. Defendant's violations of the FDCPA as alleged herein;
  b. Defendant's violations of the FCCPA as alleged herein;
  c. the existence of Defendant's identical conduct particular to the matters at issue;
  d. the availability of statutory penalties; and
  e. the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692d(6)

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 17.

19. 15 U.S.C. §1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

5

Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*   \*

(6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

20. In the above-described messages, Defendant failed to notify Plaintiff that the communications were from a debt collector calling in an attempt to collect a debt.

21. As such, Defendant violated 15 U.S.C. §1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiffs.

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(5)

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 17.

23. 15 U.S.C. §1692e(5) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*   \*

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

24. In the above-described messages, Defendant threatened to send Plaintiff's case to "federal courts" when, even assuming *arguendo* the debt to be valid, Defendant and the creditor it represents have no basis for filing a lawsuit against Plaintiff in federal court as Defendant's sole claims against Plaintiff, if any, would arise under state law.

25. As such, Defendant violated 15 U.S.C. §1692(5) by threatening to take an action that it could not legally take or that it did not intend to be take.

### COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(11)

26.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 17.

27.     15 U.S.C. §1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*     \*     \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

28.     In the above-described messages, Defendant failed to notify Plaintiff that the communications were from a debt collector calling in an attempt to collect a debt.

29.     As such, Defendant violated 15 U.S.C. §1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

### COUNT IV: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e(14)

30.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 17.

31.     15 U.S.C. §1692e(14) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*     \*     \*

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

32.     In the above-described messages, Defendant represented itself to Plaintiff as "CRS and Associates." Defendant's true business name, as revealed on a subsequent call to Defendant's employee Ms. S----, is "Commercial Recovery Systems, Inc."

33.     Upon information and belief, Defendant uses the pseudonym "CRS and Associates" in order to conceal its true identity from the least sophisticated consumer. Indeed, an internet search of the term "CRS and Associates" does not reveal a company by that name, and does not reveal the website for, or otherwise identify, Defendant.

34.     The least sophisticated consumer, upon being told that "CRS and Associates" was attempting to collect a debt from her/him, would not be able to determine that "CRS and Associates" was in fact "Commercial Recovery Systems, Inc."

35.     As such, Defendant violated 15 U.S.C. §1692e(14) by using a business, company, or organization name other than the true name of Defendant's business, company, or organization.

### COUNT V: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692c(b)

36.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 17.

37.     15 U.S.C. §1692c(b) provides:

> COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

38.     Defendant left the message described in paragraph 10 on the answering machine of Plaintiff's mother-in-law.

39. Defendant did not have the prior consent of Plaintiff, or the express permission of a court of competent jurisdiction, to communicate in the collection of the alleged debt with any individual other than Plaintiff.

40. As such, Defendant violated 15 U.S.C. §1692c(b) by communicating, in connection with the collection of an alleged debt, with a person other than Plaintiff, her attorney, a consumer reporting agency if otherwise permitted by law, the alleged creditor, the attorney of the alleged creditor, or the attorney of Defendant.

### COUNT VI: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT §559.72(7)

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 17.

42. Fla. Stat. §559.72(7) provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

43. In the above-described messages, Defendant represented itself to Plaintiff as "CRS and Associates" when its true business name is "Commercial Recovery Systems, Inc."

44. In the above-described messages, Defendant did not identify itself as a debt collector calling to collect a debt.

45. In the above-described messages, Defendant threatened to send Plaintiff's case to "federal courts" when, even assuming *arguendo* the debt to be valid, Defendant and the creditor it represents have no basis for filing a lawsuit against Plaintiff in federal court.

46. In the above-described messages, Defendant falsely advised Plaintiff that if she did not respond by 5:00 that day, Plaintiff would waive all of her rights with regard to the alleged debt.

47. Defendant left the message described in paragraph 10 on the answering machine of Plaintiff's mother-in-law even though Defendant did not have the prior consent of Plaintiff, or the express permission of a court of competent jurisdiction, to communicate in the collection of the alleged debt with any individual other than Plaintiff.

48. The aforementioned conduct harassed and abused the Plaintiff.

49. As such, Defendant violated Fla. Stat. §559.72(7) by willfully engaging in conduct which could reasonably be expected to abuse or harass the debtor or any member of her or his family.

### COUNT VII: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT §559.72(10)

50. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 17.

51. Fla. Stat. §559.72(10) provides:

In collecting consumer debts, no person shall:

(10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not.

52. In the above-described messages, by stating that it had a case in its office against Plaintiff, and that if Plaintiff did not return a phone call in a matter of hours, Defendant would turn that case over to federal court, the least sophisticated consumer would believe that Defendant is, or is associated with, an attorney, and/or that the message was authorized by an attorney.

53. As such, Defendant violated Fla. Stat. §559.72(10) by communicating with Plaintiff in a manner which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it was not.

## COUNT VIII: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT §559.72(12)

54.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 17.

55.     Fla. Stat. §559.72(12) provides:

In collecting consumer debts, no person shall:

(12) Orally communicate with a debtor in such a manner as to give the false impression or appearance that such person is or is associated with an attorney.

56.     In the above-described messages, by stating that it had a case in its office against Plaintiff, and that if Plaintiff to not return a phone call within hours, Defendant would turn that case over to federal court, the least sophisticated consumer would believe that Defendant is, or is associated with, an attorney.

57.     As such, Defendant violated §559.72(12) by orally communicating with an alleged debtor in such a manner as to give the false impression or appearance that Defendant is or is associated with an attorney.

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Adjudging that Defendant violated 15 U.S.C. §1692d(6), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(11), 15 U.S.C. §1692e(14) and 15 U.S.C. §1692c(b);

(c)     Adjudging that Defendant violated Fla. Stat. §559.72(7), Fla. Stat. §559.72(10) and Fla. Stat. §559.72(12);

(d)     Awarding Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00 per class member and awarding Plaintiff

and members of the FCCPA class statutory damages pursuant to Fla. Stat. §559.77(2) in the amount of $1,000.00 per class member;

   (e) Awarding Plaintiff and members of both Classes actual damages sustained as a result of Defendant's violations, pursuant to 15 U.S.C. §1692k and Fla. Stat. §559.77(2);

   (f) Awarding Plaintiff and members of both Classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k and Fla. Stat. §559.77(2);

   (g) Awarding Plaintiff and members of the FCCPA Class punitive damages pursuant to Fla. Stat. §559.77(2);

   (h) Enjoining Defendant from taking any of the violative actions referenced herein with regard to Plaintiff and the Classes;

   (i) Awarding Plaintiff and the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

   (j) Awarding other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED: October 16, 2012    Respectfully submitted,

    */s/ Michael L. Greenwald*
    **MICHAEL L. GREENWALD**
    Florida Bar No. 761761
    GREENWALD DAVIDSON PLLC
    5550 Glades Road, Suite 500
    Boca Raton, FL 33431
    Telephone: 561.826.5477
    Fax: 561.961.5684
    mgreenwald@mgjdlaw.com
    Counsel for Plaintiff and the proposed Class